GARY BLOOMER et al., Respondents, v ERNEST W. PHILLIPS et al., Appellants.

Third Department, November 1, 1990

### APPEARANCES OF COUNSEL

*Englert, DeAngelus, Stillman, McHugh & DeAngelus (Dennis M. Englert* of counsel), for appellants.

*Maynard, O'Connor & Smith (Brian R. LeCours* of counsel), for respondents.

### OPINION OF THE COURT

KANE, J. P.

On September 22, 1983, defendants contracted to sell certain premises in Saratoga County, together with the buildings situate thereon, to plaintiff Gary Bloomer for $110,000. The contract was later amended, *inter alia,* to increase the purchase price to the sum of $115,000 and the following provision was added: "At the time of closing, the Sellers shall execute a first purchase option for the property reserved from the sale in favor of the purchasers, which shall give the purchasers the right to purchase the parcel for $10,000.00 in the event the sellers do not improve the property with a dwelling and chose *[sic]* to sell the parcel as vacant land."

The closing was held on April 5, 1984 and, accordingly, an instrument bearing that date entitled "purchase contract and option" was executed by defendants and granted to plaintiffs "an irrevocable right and first option to purchase" an adjoining unimproved parcel of approximately 1.26 acres. This instrument further provided that:

"This irrevocable right and first option shall run in favor of

[plaintiffs] on the condition that [defendants], their heirs or assigns, shall offer the aforementioned described parcel for sale prior to a single-family dwelling being erected on the premises.

"In the event [defendants], their heirs or assigns, choose to offer this parcel for sale, it must first be offered for sale in writing, return receipt, to [plaintiffs] for the sum of $10,000.00. The aforesaid [plaintiffs] shall have 30 days thereafter within which to exercise their option which must be done in writing.

"This Agreement shall be binding upon the heirs and assigns of [defendants].

"The rights and privileges under this Agreement cannot be assigned by [plaintiffs] without the written consent of [defendants]."

On September 18, 1984, defendants notified plaintiffs that they intended to sell the adjacent parcel to a third party and that, under the contract, plaintiffs had 30 days to exercise their right to purchase the property. Defendants later withdrew the option to purchase on September 25, 1984, notifying plaintiffs that they had decided not to sell. On October 18, 1984, plaintiffs delivered an "exercise of option" to defendants purporting to elect to purchase the adjacent parcel. Defendants refused to sell and plaintiffs commenced the instant action for, *inter alia,* specific performance. After a trial without a jury, Supreme Court held defendants' revocation of their offer to sell to be "without legal effect" and a judgment was entered ordering defendants to sell the adjacent parcel to plaintiffs. This appeal followed.

■ We reverse. Given the Court of Appeals recent decision in *LIN Broadcasting Corp. v Metromedia, Inc.* (74 NY2d 54), we cannot agree with Supreme Court that once defendants decided to sell, plaintiffs' right of first refusal ripened by operation of law into an irrevocable option to buy the parcel. Unlike an option, which creates a power to *compel* a sale, a first refusal right "contemplates a *willing* seller who *desires* to part with the property" *(supra,* at 60 [emphasis supplied]). Should the seller decide not to sell before the right of first refusal is exercised, "the selling party has fully complied with its obligations under the first refusal clause by not selling without first making the required offer" *(supra,* at 62). Thus, the selling party is not required to do more than was promised by keeping the offer open even after deciding against the sale

*(see, supra,* at 62-63). Accordingly, we find that the first refusal offer herein did not become an irrevocable option by operation of law.

■ Nor, in our view, did the parties intend so under the specific terms of the agreement. We recognize that contracting parties, if they so choose, may specifically provide that a first refusal offer must remain open, "making it an option" *(supra,* 74 NY2d, at 62). However, that is not the case here. Although the contract provided plaintiffs with an "irrevocable" right of first refusal, the term "irrevocable" specifically applied only to the right of first refusal and not to defendants' offer to sell. In our view, the term is unambiguous and to interpret it otherwise in this instance would transform the right of first refusal into an option, a result which was not the intention of the parties and cannot be gleaned from the contract itself *(see, Jankowski v Zafrullah,* 155 AD2d 793, 794). Therefore, plaintiffs were not entitled to relief under the circumstances.

■ Finally, we note our disagreement with defendants' argument that EPTL 9-1.1, also known as the rule against perpetuities, applies in this case and invalidates the rights of plaintiffs. Assuming, without deciding, that the rule does apply, because the agreement was not made binding on plaintiffs' heirs and assigns the right of first refusal would necessarily terminate upon the deaths of plaintiffs. Therefore, the rule is not violated inasmuch as the right could not be exercised "later than twenty-one years after one or more lives in being" (EPTL 9-1.1 [b]; *cf., Morrison v Piper,* 160 AD2d 1066, *lv granted* 76 NY2d 705; *Smith v Smith,* 116 AD2d 810).

WEISS, MIKOLL, YESAWICH, JR., and MERCURE, JJ., concur.

Order and judgment reversed, on the law and the facts, without costs, and complaint dismissed.