479 S.E.2d 863

Lonnie SWEENEY, Executor of
the Estate of Esta M. Sweeney,
Plaintiff Below, Appellee,

v.

Margaret LILLY, James A. Hale and
William Meador, Defendants
Below,

Margaret Lilly, Appellant.

No. 23152.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 17, 1996.

Decided Nov. 15, 1996.

William D. Stover, Beckley, for Appellee.

A. David Abrams, Jr., Abrams, Syron, Henderson & Richmond, Beckley, for Appellant.

PER CURIAM:

The Appellant, Margaret Lilly, appeals [1] an order of summary judgment issued by the Circuit Court of Raleigh County in a declaratory judgment action filed by the Respondent, Lonnie Sweeney, as executor of the Estate of Esta M. Sweeney. The Appellant asks this Court to reverse the rulings of the circuit court and grant her an interest in real estate owned by the estate and/or an option to purchase the same. Because we find no error in the proceedings below, we affirm the ruling of the circuit court.

Esta M. Sweeney died on June 6, 1986, and left a will that named her son, Lonnie Sweeney, the executor of her estate. This dispute involves a devise of real estate in Paragraph five of Esta Sweeney's will, which provided:

> I devise all of my real estate to my children, VERA APPLEGATE, JOY HALE, LELIA COTTLE AND LONNIE L. SWEENEY, and I hereby authorize and empower my Executor to sell said property upon the best terms available, and divide the proceeds of said sale equally between the four named children.
>
> Prior to any such sale I first direct my Executor to give any child the opportunity to purchase the said real estate for the sales price, if any child desires to own said property.
>
> I further empower my Executor with full and complete power of disposal of said property, and with full authority to execute a deed, with general warranty of title, for the sale of the same.

Esta Sweeney's daughter, Joy Hale, died five years later on July 1, 1991, leaving her property to her children, James A. Hale and the Appellant, Margaret Ann Lilly. At the time of Joy Hale's death, the real estate had not been sold, and none of the children of Esta Sweeney had exercised the option to purchase.

On February 15, 1994, Lonnie Sweeney as Executor of the Esta Sweeney estate entered into an agreement with William Meador to sell him a 0.75 acre lot, with a house, in Ghent, West Virginia, for $70,000. After the contract was made, the Appellant, Margaret Lilly, refused to execute a deed conveying the Ghent property, and indicated a desire to purchase it herself. The Appellee, as executor, filed a declaratory judgment action in the Circuit Court of Raleigh County, seeking a determination of his authority to bind the estate without the Appellant's consent. He named three defendants: the Appellant, Margaret Lilly; her brother, James Hale; and the purchaser, William Meador. The Appellant asserted in her answer that she owned a one-eighth undivided interest in the Ghent property, and that she had inherited from her mother a right to purchase the property at the proposed sales price. Hale answered that the property should be sold to Meador, but that he also desired to purchase it if that sale was not concluded. Meador requested specific performance, and in the alternative counterclaimed for $1,005,000.

The circuit court heard the action on stipulated facts, briefs, and oral arguments, and granted the executor's motion for summary judgment. The trial court reasoned that it was the testatrix's intent that her executor sell the property and divide the proceeds of sale among the four named children, and that Lonnie Sweeney as executor had the power to transfer title to the property pursuant to the first paragraph of West Virginia Code section 44–8–1 (Supp.1996); that the Appel-

---

**1.** The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

lant and her brother inherited an interest in the proceeds of sale, but not an interest in the real estate itself; and that the right of a child to purchase real estate from the executor was personal to the child, and not an inheritable interest.

■ On appeal, Margaret Lilly asserts that the circuit court erred in finding that this was "real estate devised to be sold," and in its application of Code section 44–8–1. She also assigns as error the court's finding that she and her brother did not inherit their mother's right of first refusal.[2]

■ "The paramount principle in construing or giving effect to a will is that the intention of the testator prevails, unless it is contrary to some positive rule of law or principle of public policy." Syl. Pt. 1, *Farmers and Merchants Bank v. Farmers and Merchants Bank*, 158 W.Va. 1012, 216 S.E.2d 769 (1975). The circuit court concluded that Esta Sweeney intended for her executor to sell the property and divide the proceeds of sale among her children.[3] The court reasoned:

> The intent of the Esta Sweeney, testatrix, was that her executor should sell the property and divide the proceeds of sale among the four children named in Paragraph 5. It was not a specific outright devise to those children. This conclusion is based directly on the provision that gives the executor the power to sell, and it is supported by the fact that the testatrix provided that any one of the four children should be given the opportunity to purchase the property prior to the sale, "if any child desires to own said property." If the testatrix had intended an outright devise

to the four children, the provision for sale and the right of a child to purchase would be meaningless.

We believe that the circuit court properly construed this provision of the will, giving consideration to the language of the entire provision, and giving effect to all the words employed. The first sentence of paragraph five supports the court's conclusion that Esta Sweeney's primary intent was that the property be sold and the proceeds divided, unless one of the children wanted to buy the property for herself or himself: "I devise all of my real estate to my children ... and I hereby authorize and empower my Executor to sell said property upon the best terms available, and divide the proceeds of said sale equally between the four named children." The Appellant would have us find that the operative portion is the first ten words: "I devise all of my real estate to my children...." To hold that the devise vested title to the real estate immediately in the children, merely because it precedes the authorization to sell in the sentence would surely defeat the testatrix's intent.

Next we turn to Code section 44–8–1, which grants an executor the authority under certain circumstances to convey estate real property. The circuit court found that the first paragraph of that statute applied and, together with paragraph five of the will, empowered the Appellee to sell the subject real estate. The first paragraph of section 44–8–1 applies only to "real estate devised to be sold." It provides that "[r]eal estate devised to be sold shall, if no person other than the executor be appointed for the purpose, be sold and conveyed by the executor, and the proceeds of sale ... shall be received by the executor who qualifies, or by his successor."

---

**2.** The Appellant also asserts certain errors with respect to the circuit court's findings of fact and conclusions of law. Specifically, she assigns as error the circuit court's failure to adopt stipulated facts stating that the real estate of Esta Sweeney had been devised to her children, and that upon the death of Joy Hale, a one-fourth undivided interest in the property was devised to the Appellant and her brother. Notably, she does not dispute the accuracy of any of the facts as found by the court. We find no merit in this argument, because the nature of the interest that

passed to Joy Hale's children under her will is a legal issue properly resolved by the court. *See* W.Va.Code § 41–3–7 (1982).

**3.** Esta Sweeney had at least one other child who was not named in paragraph five, for reasons not before this Court. Any reference to Esta Sweeney's children in this opinion means the four children named in paragraph five of the will.

The Appellant argues that the second paragraph of section 44–8–1 applies, and dictates a different result. The second paragraph, added in 1987, addresses all situations in which a will gives the executor the power to sell real estate. It provides: "When any will heretofore or hereafter executed gives to the executor named therein the power to sell the testator's real estate, which has not been theretofore specifically devised therein, the executor may sell any such real estate unless otherwise provided in said will." The Appellant's theory is that the second paragraph deprives the Appellee of the ability to sell, because the real estate is the subject of a specific devise.

The only provision in Esta Sweeney's will relating to the executor's power to sell real estate is paragraph five, which we have determined to indicate the testatrix's intent that her real estate be sold, subject to her children's option to purchase. The Appellant's reading of the statute would defeat that intent. We agree with the circuit court that the first paragraph of section 44–8–1 reinforces Esta Sweeney's grant of authority to her son, Lonnie Sweeney, to sell the subject real estate.

▆▆▆ Finally, we address the Appellant's assertion that she and her brother inherited from their mother the option to purchase their grandmother's real estate. The circuit court found that the right of a child to purchase from the executor was personal to the child, and not an inheritable interest. This Court addressed the issue of whether a right or option given by will to purchase estate property can be exercised by the optionee's heirs in *Adams v. Adams*, 95 W.Va. 187, 120 S.E. 590 (1923). In that case a father's will provided that one son should have the option to purchase the father's personal property at the time of his death for three hundred dollars. The son died eleven hours after the father, and the issue before the Court was whether the son's administrator could exercise the right to purchase the father's personal property. The Court answered that it could not, and held in syllabus point 2:

Where a will provides that one "is to have the privilege, or at his option, to take" certain personal property owned by the testator at the time of his death, upon the payment of a sum named, such option is personal to the legatee, and his personal representative or administrator or heirs cannot elect to take such property.

This holding is in accord with the majority of cases on the subject, which generally hold that a will giving an option to purchase estate property contemplates only a right personal to the optionee. For illustrative cases, see Andrea A. Nadel, Annotation, *Testamentary option to purchase estate property as surviving optionee's death*, 18 A.L.R.4th 578 (1982). The Appellant's mother, Joy Hale, had this option for five years after Esta Sweeney's death and did not exercise it. The option to purchase granted by the will was personal to Joy Hale, and was not inherited by her children.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

RECHT, Judge, sitting by temporary assignment.