## Vang LEE *v.* Monzer MANSOUR

CA 08-406                          289 S.W.3d 170

Court of Appeals of Arkansas
Opinion delivered November 19, 2008

[Rehearing denied December 17, 2008.]

*Henry Law Firm*, by: *Mark Murphy Henry* and *Adam L. Hopkins*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Robert L. Henry* and *Cynthia W. Kolb*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Vang Lee appeals the entry of summary judgment against him in his legal malpractice lawsuit against his former attorney, appellee Monzer Mansour,

entered by the Benton County Circuit Court. Appellant argues that the trial court erred by (1) following a bright-line rule that a prior order granting counsel permission to withdraw insulates the attorney from any legal malpractice claim after the attorney is relieved; and (2) finding as fact that appellee attorney did not mislead the trial court in his request to be relieved as counsel. We hold that appellee was not entitled to judgment as a matter of law at this juncture, rendering summary judgment in error. We reverse and remand for further proceedings.

The course of events leading to this legal malpractice lawsuit is not in serious dispute. We set them forth here, noting where the parties differ in their beliefs as to what happened.

Appellant, a resident of northwest Arkansas, hired a construction company to construct an addition to his house and to alter and repair poultry barns on his property. A dispute arose over the performance of this contract, and as a result, the construction company filed suit on September 29, 2004, to recover the full contract price from appellant in Benton County Circuit Court. Appellant met with appellee in appellee's Springdale, Arkansas, office to discuss the complaint. Appellant brought an interpreter to assist in communicating because appellant's native tongue is an Asian dialect. Appellee declined representation and encouraged appellant to find an attorney who spoke appellant's language.

Appellant found and hired an attorney in Minnesota, named Vang Pao Lee, who could speak appellant's language. Appellant gave Attorney Lee a $2000 retainer, of which Attorney Lee sent appellee $1000. Attorney Lee prepared an answer and counter-claim, which was sent to appellee for filing in the Benton County Courthouse. On November 15, 2004, appellee filed a modified version of Attorney Lee's drafted answer. While the answer reserved the right to plead further, it did not include the affirmative defenses and counterclaim that were included in Attorney Lee's draft. Attorney Lee formally sought and was granted permission to practice in Benton County Circuit Court on November 17, 2004, with appellee serving as local counsel.

In June 2005, Attorney Lee notified appellee that he would be leaving the country for the month of July and requested appellee to attend a status/scheduling hearing in appellant's case on July 15, 2005. Appellee appeared and chose the latest trial date offered by the trial court, May 19, 2006. The court set a pretrial

conference for April 19, 2006. Thereafter, Attorney Lee was unresponsive to appellee's attempts by facsimile, letter, and telephone to discuss the case.

On January 4, 2006, appellee wrote to Attorney Lee stating that if Lee did not respond, he (appellee) would have no choice but to ask the court for leave to withdraw. Appellee did not copy appellant with this letter. On January 31, 2006, appellee wrote another letter to Lee, enclosing $250 in unearned and unused funds but declaring that he had earned the remaining $750. Appellee did not copy appellant with this letter.

On February 1, 2006, appellee filed a formal motion with the trial court asking permission to withdraw, including a proposed order for the judge to sign. In the motion, he noted that his last communication with Attorney Lee was in June 2005, that Attorney Lee had not responded to any of appellee's numerous attempts to communicate, and that "[appellant] and Attorney Mansour do not communicate." Appellee asserted that appellant "should not suffer prejudice" as a result of appellee's withdrawal because appellant remained represented by Attorney Lee, who speaks appellant's language, and because Attorney Lee had or should have all relevant papers regarding his litigation. Appellee stated that he possessed no unearned fees but had tendered $250 back to Attorney Lee. The motion was mailed to Attorney Lee and opposing counsel, but not appellant. There was no hearing on this motion. On February 9, 2006, the trial court signed the proposed order permitting appellee to withdraw and noting that appellant remained represented by Attorney Lee.

Thereafter, the contract case went forward and appellant's answer was struck for failure of him or Attorney Lee to appear at the pretrial conference in April. Appellant hired new counsel at that point, but new counsel's attempt to assert defenses or counterclaims was barred by the trial court. Judgment was rendered against appellant and in favor of the construction company. A request to set the judgment aside was denied.

Appellant then sued Attorney Lee and appellee for legal malpractice. Attorney Lee did not respond, resulting in a default judgment, and appellant was awarded a sizable judgment against Attorney Lee, which is not the subject of this appeal.

Appellee defended against the legal malpractice case by moving for summary judgment, arguing that he was no longer appellant's attorney after February 9, 2006, before any damages

were sustained, and that appellant remained represented by another attorney whose failings were the proximate cause of any damages to appellant.

Appellant responded and reasserted his allegation of malpractice by failing to plead defenses or counterclaims that resulted in a large judgment against him, and by not informing him (the client) of the pretrial or hearing dates or the motion to withdraw. Appellant challenged the propriety of allowing appellee to withdraw under these circumstances, particularly where appellee did not notify appellant of his motion or communicate with him directly. Appellant asserted that appellee had misled the trial court in stating that he and appellee "do not communicate," inferring that appellant was uncooperative or incapable of understanding any English. To the contrary, even appellee's notes indicated his belief that appellant had a ten-to-twenty-percent command of English. Appellant stated by affidavit that he telephoned appellee before the withdrawal and was assured by appellee that he would send relevant paperwork to appellant, but nothing arrived. Appellant further stated in his affidavit that he called appellee after withdrawal was granted, and that appellee told him he had withdrawn and immediately hung up on him. At the core, appellant challenged whether appellee had committed malpractice by failing to assert counterclaims and defenses, by not notifying appellant of the impending motion to withdraw, by not notifying appellant of any upcoming trial or pretrial dates, and by failing to tender any paperwork or monies back to him as the client.

The trial judge granted summary judgment in appellee's favor, finding that appellee substantially complied with Ark. R. Civ. P. 64 regarding the motion to withdraw, that appellee did not mislead the trial judge, and that appellant remained represented by other counsel whose errors were not proximately caused by appellee. An order entering summary judgment on this separate defendant followed, and this appeal resulted. Appellant asserts that the trial court's entry of summary judgment was improper because, while appellee was allowed to withdraw, such withdrawal was granted in violation of Rule 64, preventing the application of any immunity that proper withdrawal would have provided him. Appellant also asserts that summary judgment was improper because the trial court erroneously found facts instead of adhering to the parameters of summary judgment. We agree with appellant, and therefore this case is reversed and remanded.

Summary judgment is no longer considered a drastic remedy but is rather an efficiency tool. The purpose of summary judgment is not to try the issues but to determine if there are issues to be tried. *City of Barling v. Fort Chaffee Redevelopment Authority*, 347 Ark. 105, 60 S.W.3d 443 (2001). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof to demonstrate the existence of a material issue of fact. *See Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002). On appellate review, we determine whether summary judgment was appropriate based on whether the evidentiary items presented by the moving party leave a material fact unanswered. *Id.* We view the evidence in a light most favorable to the non-moving party, resolving all doubts and inferences against the moving party. *Id. See also Bomar v. Moser*, 369 Ark. 123, 251 S.W.3d 234 (2007).

Appellant asserts that he rebutted appellee's claim of entitlement to summary judgment by showing that there were irregularities in the grant of appellee's motion to withdraw, specifically lack of notice to the client and prejudice to the client where the other attorney was nowhere to be found. Arkansas Rule of Civil Procedure 64 governs the addition and withdrawal of counsel, and it states in pertinent part in subsection (b) that a lawyer may not withdraw without permission of the trial court, which may be granted if it is shown that he "has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel," and has tendered or stands ready to tender any client papers and unearned fees. This section is aimed at protecting the client's interests. *See Jones-Blair Co. v. Hammett*, 326 Ark. 74, 930 S.W.2d 335 (1996). The trial court must play an active role in determining whether the requirements of the rule have been met. *Id.*

The question here is whether reasonable steps were taken by appellee to avoid foreseeable prejudice to appellant's rights as a client. There was no notice of this motion to withdraw served on the client, there was no assertion of wrongdoing by the client to warrant withdrawal, and to the extent any funds or properties were to be returned to the client, they were sent to the non-responsive attorney. While it is true that appellant was represented by another attorney and remained so at the time of the withdrawal, this other attorney's unresponsiveness was a source of foreseeable prejudice to the client. Appellee asserted the other attorney's failure to

respond as the basis to withdraw. Clearly, appellant should have been given notice of appellee's request to withdraw. *Compare Snowden v. Riggins*, 70 Ark. App. 1, 13 S.W.3d 598 (2000). The non-responsive attorney did not respond to his co-counsel's motion to withdraw, and there was no hearing on this motion.

■ This brings us to the real point on appeal, which is whether the trial court's permitting appellee to withdraw insulates appellee from legal malpractice liability. We agree with appellant that under these circumstances, the trial court's grant of the motion to withdraw cannot serve as an *absolute* shield to a separate cause of action for legal malpractice; however, we do not see the grant of summary judgment here as necessarily sanctioning the idea of an absolute shield. The order granting summary judgment recites that the established case law in *Bright v. Zega*, 358 Ark. 82, 186 S.W.3d 201 (2004), was controlling in that, absent counsel presenting misleading information to the court in acquiring permission to withdraw, whatever acts or omissions that might have arisen after the court-approved withdrawal cannot be the basis for a legal malpractice claim. However, this does not insulate appellee from malpractice leading up to withdrawal, nor does it create a blanket rule if there is misfeasance or malfeasance in acquiring permission to withdraw. We hold that the permission granted to withdraw was flawed, because it lacked notice to the client and because any funds and paperwork held by appellee were not tendered to the client. Thus, this withdrawal cannot be a basis for granting appellee judgment as a matter of law before trial.

■ The summary judgment was also improper because it "found facts." This is not the purpose of summary judgment, which is to determine if there are issues of fact to be tried. *City of Barling v. Fort Chaffee Redevelopment Authority*, 347 Ark. 105, 60 S.W.3d 443 (2001). The summary judgment order specifically stated that the trial court "makes the following findings of fact," including that appellee did not mislead the trial court in asking to withdraw and that appellee complied in all relevant ways with Rule 64. These were not agreed or stipulated facts, but were instead directly conflicted by appellant through affidavit and allegation. Given the posture of summary judgment, viewing the evidence and all inferences deducible from the evidence in the light most favorable to the non-moving party, it was error to enter judgment as a matter of law upon summary judgment.

Reversed and remanded.

GLOVER, J., agrees.

HEFFLEY, J., concurs.