Cite as 2015 Ark. App. 223

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-14-157

| | | |
|---|---|---|
| RICHARD WHITE | APPELLANT | **Opinion Delivered** April 8, 2015 |
| V. | | APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. DR–2012–43 WD] |
| KAREN SHEPARD | APPELLEE | HONORABLE GARY ARNOLD, JUDGE |
| | | REVERSED AND REMANDED |

## RITA W. GRUBER, Judge

On July 24, 2012, Karen Shepard (now appellee) filed a complaint for absolute divorce from Richard White (now appellant) and, on the same date, propounded requests for admission on him. Shepard's complaint asserted that she was a Missouri resident, and White was a resident of Carroll County, Arkansas, and had been a resident there for more than sixty days prior to the filing of her complaint; that she and White were married on March 13, 2009; that the marriage was not a covenant marriage; that the parties separated on September 5, 2011, after which time they continuously lived separate and apart from each other without cohabitation; that there were property rights and debt responsibilities to be adjudicated; and that during the course of the marriage, White had inflicted such personal indignities upon her so as to entitle her to an absolute divorce pursuant to Ark. Code Ann. § 9–12–301(3). White timely answered the complaint, admitting that the parties had

SLIP OPINION

separated and remained apart, denying her allegation regarding his infliction of indignities, and stating that he would not contest the divorce. White counterclaimed for absolute divorce on the ground of general indignities, and he responded to her requests for admission.

On September 19, 2013, Shepard filed both an "Amended and Restated Complaint for Divorce from Bed and Board" and a motion for summary judgment. In her amended complaint, she alleged that White had failed to comply with the parties' agreement that had resulted from mediation:

> On January 5, 2013, Plaintiff and Defendant entered into a mediation agreement, denominated a "Memorandum of Understanding" (the "Property Settlement Agreement"), whereby Defendant agreed to refinance the mortgage on the home located at 400 Paradise Mountain Road, Eureka Springs, AR 72631 (the "Home") in his name only within 2 months from the execution of the Property Settlement Agreement and agreed to quitclaim his interest in Tracts 1, 2, 8, 9, 10, 11 and 12, Paradise Mountain Estates, Carroll County, Arkansas to Plaintiff.

The amended complaint also stated that the parties would quitclaim to each other nonmarital real properties in Missouri. Shepard requested that she be awarded a decree of divorce from bed and board, that White be ordered to specifically perform the mediation agreement, and that she be granted other relief.

In her motion for summary judgment, Shepard repeated her allegation that White had refused to comply with the parties' mediation agreement, and she further asserted that Missouri property she had acquired prior to their marriage was nonmarital. Exhibits attached to her motion included the memorandum of understanding and a letter from counsel to the Firefighters Pension System of Kansas City, Missouri, stating that under Arkansas and Missouri law, a "limited divorce" would not affect Shepard's eligibility to receive a surviving

spouse's benefits. Other exhibits attached to the motion were the parties' financial affidavits; White's affidavit of September 17, 2013, restating her allegations and attesting to White's Arkansas residency and the parties' continuous separation without cohabitation since September 5, 2011; and a September 18, 2013 affidavit of Larry Brookbank, attesting to White's Arkansas residency and the parties' continuous separation without cohabitation since September 5, 2011. Shepard prayed that she be awarded a divorce from bed and board from White; that he be ordered to specifically perform the mediation agreement; that he be ordered to pay the monthly mortgage, insurance and tax payments on the home; that he be ordered to pay all taxes due on all of the property in Paradise Mountain Estates, Carroll County, Arkansas, until such time as he quitclaims Tracts 1, 2, 8, 9, 10, 11, and 12 to her; and that he be ordered to quitclaim her nonmarital real property in Missouri to her.

White responded to the motion for summary judgment and opposed it. He responded that the parties had indeed signed the mediation agreement requiring him to refinance in his name, whereby Shepard's name could be removed, and that he had attempted to refinance, but the financial institutions he had approached had declined to refinance in his name alone. He asserted that the parties had subsequently reached a novation whereby he would attempt to obtain life insurance in order to protect her (as a mortgage obligor) in the event of his death, but the premiums that were quoted to him were prohibitively expensive.

White also answered the amended complaint—admitting the extended period of separation, admitting that the parties had signed the memorandum, but claiming that they

had entered into novations or substituted agreements that he would obtain life insurance in lieu of refinancing the Eureka Springs home. He claimed that he "subsequently agreed to split the real estate" with Shepard, who then reneged on that agreement. He denied Shepard's allegation that he had refused to comply with the mediation agreement, pleading that he had attempted the refinancing but that financial institutions had refused to refinance solely in his name. He denied that the parties should quitclaim to each other their nonmarital real properties in Missouri, pleading that Shepard's Missouri home was marital property or debt because it was partially refinanced or paid for by refinancing the mortgage on the Eureka Springs home. He raised affirmative defenses of novation or substituted contracts, failure to state a claim upon which relief can be granted, and failure of condition precedent or frustration of purpose. He requested that Shepard's amended complaint be dismissed. She replied to his response, denying that she had agreed to modify the memorandum of understanding, denying that she had refused to comply with the mediation agreement, and asserting that it was White who had refused to comply.

On November 1, 2013, the circuit court conducted a hearing on Shepard's motion for summary judgment. Shepard argued that the affidavits she had filed presented uncontroverted facts supporting entitlement to specific performance of the mediation agreement. She asked that she be granted a divorce from bed and board so that the parties would continue to own the home.

The circuit court entered a fill-in-the-blank docket order on November 1, 2013, granting Shepard the "relief requested" in her summary-judgment motion, denying White's

counterclaim, and stating that Shepard was to provide an order within ten business days. On November 14, 2013, White filed a notice of appeal.

In a detailed order, entered on November 22, 2013, the court granted Shepard summary judgment for a divorce from bed and board and for a division of property based on the parties' mediation agreement; the order also dismissed Richard White's counterclaim for absolute divorce. The court found that the facts of the case were settled based upon the allegations of the pleadings and supporting affidavits. Included in these findings were that White had refused to comply with the parties' mediation agreement of property settlement, certain real property was Shepard's nonmarital property, the parties had continuously lived separate and apart without cohabitation since September 5, 2011, and

> if [Shepard] is granted a divorce from bed and board rather than an absolute divorce, [she] will be entitled to collect a death benefit upon [White's] death, thereby providing her with funds with which she can maintain the mortgage, taxes, and insurance on the home until she is able to sell the home.

White was ordered to quitclaim Tracts 1, 2, 8, 9, 10, 11, and 12, Paradise Mountain Estates; to quitclaim the Missouri real property; to pay 2012 real property taxes on Tracts 1, 2, 3 and 6–14 in Paradise Mountain Estates; to pay monthly mortgage, insurance, and taxes on Tracts 4, 5, 17, and 19, "and the improvements thereon (the 'Home') and on Tracts 3, 6, 7, 13, and 14 "until he refinances the Home in his own name or until his death"; and, upon refinancing the Home in his own name, to quitclaim the Home and Tracts 3, 6, 7, 13, and 14 to Shepard. Finally, the order prohibited White from suing Shepard for absolute divorce until refinancing the home in his own name, and his counterclaim was denied. White timely filed a supplemental notice of appeal from this order.

SLIP OPINION

White raises two points on appeal, contending that the circuit court erred (1) in denying and dismissing his complaint for divorce and prohibiting him from suing for divorce, and (2) in granting summary judgment to Shepard on all her claims. We reverse in part on the first point, and we reverse on the second point.

## I. *White's Complaint for Absolute Divorce*

White contends that the circuit court erred as a matter of law by unjustifiably denying and dismissing his counterclaim for absolute divorce and by ordering him not to sue for divorce. He asserts that he never abandoned his counterclaim, and he notes Shepard's failure to deny his claim of general indignities as well as her own pleadings and affidavits regarding the parties' separation. The statutory grounds for divorce include:

> (b) The circuit court shall have power to dissolve and set aside a marriage contract, not only from bed and board, but from the bonds of matrimony, for the following causes:
>     . . . .
>
>     (3) When either party shall:
>         . . . .
>
>         (C) Offer such indignities to the person of the other as shall render his or her condition intolerable;
>
>     . . . . ; [and]
>
> (5) When husband and wife have lived separate and apart from each other for eighteen (18) continuous months without cohabitation, *the court shall grant an absolute decree of divorce* at the suit of either party, whether the separation was the voluntary act of one (1) party or by the mutual consent of both parties or due to the fault of either party or both parties[.]

Ark. Code Ann. § 9-12-301 (Repl. 2009) (emphasis added). We agree with White, and Shepard does not dispute, that the pleadings and affidavits in this case support the statutory

SLIP OPINION

grounds of eighteen months' continuous separation without cohabitation. When this ground is proven, the language of section 9-12-301(b)(5) mandates that "the court shall grant an absolute decree of divorce at the suit of either party."

We hold that the trial court erred as a matter of law by denying White's counterclaim for absolute divorce in light of the parties' agreement that they had lived separate and apart for eighteen months without cohabitation. In light of our ruling, we need not address the second part of White's argument: that the trial court also erred when it prevented White from suing for divorce until after refinancing the home. We reverse and remand to the circuit court for further proceedings consistent with this opinion.

## II. *The Granting of Shepard's Motion for Summary Judgment*

Summary judgment is governed by Ark. R. Civ. P. 56:

(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. . . .
. . . .

(c) Motion and Proceedings Thereon.

(1) The motion shall specify the issue or issues on which summary judgment is sought and may be supported by pleadings, depositions, answers to interrogatories and admissions on file, and affidavits. The adverse party shall serve a response and supporting materials, if any, within 21 days after the motion is served. The moving party may serve a reply and supporting materials within 14 days after the response is served. For good cause shown, the court may by order reduce or enlarge the foregoing time periods. No party shall submit supplemental supporting materials after the time for serving a reply, unless the court orders otherwise. . . .

(2) The judgment sought shall be rendered forthwith if the pleadings,

depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law on the issues specifically set forth in the motion.

. . . .

(e) Form of Affidavits; Further Testimony; Defense Required. . . .[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *York v. York*, 2010 Ark. App. 343, 374 S.W.3d 827. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Payne v. France*, 373 Ark. 175, 282 S.W.3d 760 (2008). The reviewing court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id*. We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party, and focusing our review not only on the pleadings but also on the affidavits and documents filed by the parties. *See id*.

We hold that, because there remained disputed issues of material fact in this case, the trial court erred as a matter of law in granting Shepard's motion for summary judgment. In her supporting affidavit, Shepard stated that White had refused to comply with the memorandum of understanding or mediation agreement. White stated in his competing

affidavit that he was not willfully in default of the memorandum of understanding and had attempted in good faith to comply with it. He stated that he had attempted to renegotiate the loan in order to remove Shepard as an obligor, that financial institutions refused him, that the parties then agreed that he would attempt to obtain a life-insurance policy in lieu of refinancing, that attempts to obtain life insurance also failed, and that his subsequent attempts to divide the property with Shepard also failed. Likewise, in his answer to the amended complaint, White denied the allegation that he had refused to comply with the agreement. Clearly, the issue of whether White refused to comply with the mediation was a disputed issue.

There also remained competing divorce complaints in this case, making summary judgment improper. White's request for absolute divorce was in direct contravention of Shepard's amended complaint for bed and board.[1]

Further, there was inadequate evidence in the record to support the relief given to Shepard. The grant of summary judgment, by dividing other marital property, went far beyond ordering specific performance of the mediation agreement. *See* Ark. Code Ann. § 9-12-315 (requiring that all marital property be distributed one-half to each party "unless the court finds such a division to be inequitable," in which event "the court shall make some other division that the court deems equitable" after taking into consideration ten statutory factors).

---

[1]Although not determinative in our decision, we wish to express our concern regarding the use of summary judgment in a contested pre-decree situation such as in the present case.

SLIP OPINION

Clearly, without evidence of whether property and debts were marital or nonmarital and without a hearing on the statutory factors to be considered for an inequitable division of marital property, the division of property and debt by an order of summary judgment was both an abuse of discretion and an error of law. We reverse the grant of summary judgment regarding the division of property, and we remand for further proceedings consistent with this decision.

Reversed and remanded.

WHITEAKER and BROWN, JJ., agree.

*Parker Law Firm*, by: *Tim S. Parker*, for appellant.

*Kristine Bradt Kendrick*, for appellee.