ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/3/2025 10:58 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00095-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/3/2025 10:58:06 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

EDWARD RANDOLPH TURNBULL, IV,
*Appellant*,

v.

THE COMMISSION FOR LAWYER DISCIPLINE, ET AL.,
*Appellees*.

ON APPEAL FROM THE 201ST JUDICIAL DISTRICT COURT OF TEXAS
CAUSE NO. D-1-GN-24-002025
THE HONORABLE AMY CLARK MEACHUM, PRESIDING

**APPELLANT'S BRIEF**

GAINES WEST
State Bar No. 21197500
gaines.west@westwebblaw.com

JOHN "JAY" RUDINGER, JR.
State Bar No. 24067852
jay.rudinger@westwebblaw.com

JUDD E. STONE, II
State Bar No. 24076720
judd@stonehilton.com

WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000

STONE HILTON PLLC
600 Congress Avenue, Suite 2350
Austin, Texas 78701
Telephone: (737) 465-3897

**ATTORNEYS FOR APPELLANT**

**ORAL ARGUMENT REQUESTED**

i

## IDENTITY OF PARTIES AND COUNSEL

**Appellant**
Edward Randolph Turnbull, IV

**Counsel for Appellant**
Gaines West
gaines.west@westwebblaw.com
John "Jay" Rudinger, Jr.
jay.rudinger@westwebblaw.com
WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, Texas 77845

Judd E. Stone II
judd@stonehilton.com
Stone Hilton PLLC
600 Congress Ave., Suite 2350
Austin, Texas 78701

**Appellees**
Cindy V. Tisdale; Steve Benesh; Laura Gibson; Kennon Lily Wooten; Kade W. Browning; Elizabeth Sandoval Cantu; Luis Cavazos; Jason Charbonnet; Craig Cherry; Kelly-Ann F. Clarke; Jeff Chochran; David C. Courreges; Thomas A. Crosley; August W. Harris III; Britney E. Harrison; Noelle Hicks; Matthew J. Hill; Forrest L. Huddleston; Kristina N. Kastl; Lori M. Kern; Bill Kroger; Hisham Masri; Dwight McDonald; Ruldolph K. Metayer; Lawrence Morales II; Kimberly N. Naylor; Rosalind V.O. Perez; Christopher D. Pineda; Chris Popov; Laura Pratt; Shannon Quadros; Michael J. Ritter; Audio Sciumbato; John Sloan; G. David Smith; Paul K. Stafford; Alex J. Stelly Jr.; Nitin Sud; Carlo

**Counsel for Appellees**
Patrick W. Mizell
pmizell@velaw.com
Emily S. Bamseberger
ebamesberger@velaw.com
Brooke A. Noble
bnoble@velaw.com
VINSON & ELKINS LLP
845 Texas Avenue, Suite 4700
Houston, Texas 77002
pmizell@velaw.com

Taboada; Radha Thiagarajan; Dr. Martin A. Tobey; Aaron Z. Tobin; G. Michael Vasquez; Stephen J. Venzor; and Michael J. Wynne (collectively, the "State Bar Defendants")

Commission for Lawyer Discipline; Office of the Chief Disciplinary Counsel; Seana Willing; Amanda Kates; John S. Brannon; Timothy J. Baldwin; Daniel Martinez; and Daniela Grosz

Royce LeMoine
royce.lemoine@texasbar.com
State Bar of Texas
P.O. Box 12487, Capitol Station
Austin, Texas 78711

Jenny Hodgkins

Daniel J. Olds
dolds@clarkhill.com
Jedd Masso
jmasso@clarkhill.com
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, Texas 75202

# TABLE OF CONTENTS

Page

Identity of Parties and Counsel .................................................................... ii

Table of Contents ......................................................................................... iv

Table of Authorities ..................................................................................... vi

Statement of the Case .................................................................................. ix

Statement Regarding Oral Argument ........................................................... x

Issues Presented ........................................................................................... x

    (1)    Did the district court err in dismissing Mr. Turnbulls' claims
           for lack of standing .................................................................... x

    (2)    Did the district court err in dismissing Mr. Turnbull's claims
           as frivolous .................................................................................. x

Statement of Facts ........................................................................................ 1

Standard of Review ....................................................................................... 6

Summary of Argument .................................................................................. 6

Argument ....................................................................................................... 7

    I.    The district court erred in finding that Mr. Turnbull lacks
        standing to bring his claims ............................................................ 7

        A. Mr. Turnbull has suffered an actual, non-hypothetical
           Injury ........................................................................................ 8

        B. Mr. Turnbull's injury is fairly traceable to each of the
           Appellees .................................................................................. 10

        C. A favorable decision will redress Mr. Turnbull's injury ........... 14

    II.    Appellees are not immune from this lawsuit ................................ 16

        A. The Texas Legislature waived immunity in the State
           Bar Act ...................................................................................... 17

B. Sovereign immunity does not apply to equitable relief from constitutional harms ..................................................19

C. Ministerial, *ultra vires* acts are not protected by official ministry ......................................................................20

D. Appellees cannot rely on TRDP 17.09 immunity ....................22

III. The district court erred in finding that Mr. Turnbull's claims are frivolous ....................................................................24

A. A reasonable person could believe Mr. Turnbull's allegations ..........................................................................25

B. Mr. Turnbull's claims are not legally foreclosed ......................26

Conclusion ...............................................................................................29

Certificate of Compliance ...........................................................................31

Certificate of Service ..................................................................................31

# TABLE OF AUTHORITIES

*Aguilar v. Morales*,
    545 S.W.3d 670 (Tex. App.—El Paso 2017, pet. denied) ................................. 24

*Bacon v. Tex. Historical Comm'n*,
    411 S.W.3d 161 (Tex. App.—Austin 2013, no pet.) ........................................ 23

*Ballantyne v. Champion Builders, Inc.*,
    144 S.W.3d 417 (Tex. 2004) ........................................................................ 20

*Bland Indep. Sch. Dist. v. Blue*,
    34 S.W.3d 547 (Tex. 2000) ........................................................................... 6

*City of El Paso v. Heinrich*,
    284 S.W.3d 366 (Tex. 2009) ........................................................................ 20

*City of Elsa v. M.A.L.*,
226 S.W.3d 390, 391 (Tex. 2007) ..................................................................... 14

*City of Port Arthur v. Thomas*,
    659 S.W.3d 96 (Tex. App.—Beaumont 2022, no pet.) ................................... 27

*City of Webster v. Myers*,
    360 S.W.3d 51 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) ................. 6

*Crampton v. Farris*,
    596 S.W.3d 267 (Tex. App.—Houston [1st Dist.] 2019, no pet.) .................... 22

*Data Foundry, Inc. v. City of Austin*,
    620 S.W.3d 692 (Tex. 2021) ........................................................................... 8

*Davis v. Homeowners of Am. Ins. Co.*,
    No. 05-21-00092-CV, 2023 WL 3735115
    (Tex. App.—Dallas May 31, 2023, no pet.) ................................................... 25

Drake v. Walker,
    No. 05-14-00355-CV, 2015 WL 2160565
    (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.)) ................................. 25

*Franka v. Velasquez*,
332 S.W.3d 367 (Tex. 2011) .................................................................... 17

*Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*,
283 S.W.3d 838 (Tex. 2009) ................................................................... 17

*Health Care Serv. Corp. v. E. Tex. Med. Ctr.*,
459 S.W.3d 333 (Tex. App.—Tyler 2016, no pet.) ........................................... 14

*Heckman v. Williamson Cnty.*,
369 S.W.3d 137 (Tex. 2012) ................................................................... *in pasim*

*In re RNDC Tex., LLC*,
No. 05-18-00555-CV, 2018 WL 27773262 (Tex. App.—Dallas June 11, 2018,
no pet.) (mem. op.) ............................................................................. 27

*In re Shire PLC*,
633 S.W.3d 1 (Tex. App.—Texarkana 2021, orig. proceeding
[mand. denied])) ............................................................................... 27

*Johnson v. Lynaugh*,
796 S.W.2d 705 (Tex. 1990) (per curiam) .................................................... 24

*Klumb v. Hous. Mun. Emp. Pension. Sys.*,
458 S.W.3d 1 (Tex. 2015) ...................................................................... 19

*Longhorn Creek Ltd. v. Gardens of Connemara Ltd.*,
686 S.W.3d 418 (Tex. App.—Dallas 2024, pet. filed) ................................... 25, 27

*Murphy v. Missouri*,
603 U.S. 43 (2024) ............................................................................. 11

*Sw. Bell Tel. Co. v. Mktg. on Hold, Inc.*,
308 S.W.3d 909 (Tex. 2010) .................................................................... 7

*Tex. Ass'n of Bus. v. Tex. Air. Control Bd.*,
852 S.W.2d 440 (Tex. 1993) .................................................................... 7

*Tex. Dep't of State Health Servs. v. Holmes*,
294 S.W.3d 328 (Tex. App.—Austin 2009, pet denied) ...................................... 19

*Tex. Dep't of Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ............................................................. 6

*Tex. Nat. Conservation Comm'n v. IT-Davy*,
74 S.W.3d 849 (Tex. 2002) ............................................................. 16

*Tex. Parks & Wildlife Dep't v. Sawyer Trust*,
354 S.W.3d 384 (Tex. 2011) ............................................................ 16

*Tooke v. City of Mexia*,
197 S.W.3d 325 (Tex. 2006) ............................................................ 17

*Univ. of Hous. v. Clark*,
38 S.W.3d 578 (Tex. 2000) ............................................................. 20

*Univ. of Tex. Med. Branch at Galveston v. York*,
871 S.W.2d 175 (Tex. 1994) ........................................................... 17

*Wooley v. Schaffer*,
447 S.W.3d 71 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ............. 24

**Statutes and Constitutions**

TEX. CONST. art. I § 3 ................................................................9, 27, 28
TEX. CONST. art. I § 13 ...................................................................9, 28
TEX. CONST. art. I § 19 ...................................................................9, 27
TEX. GOV'T CODE § 33.006 .................................................................. 23
TEX. GOV'T CODE § 81.014 .................................................................. 17
TEX. GOV'T CODE § 81.017 .................................................................. 18
TEX. GOV'T CODE § 81.024 .................................................................. 24
TEX. GOV'T CODE § 81.071 ................................................................8, 11
TEX. GOV'T CODE § 81.072 .......................................................... *in pasim*
TEX. GOV'T CODE § 81.076 ......................................................... *in passim*
TEX. GOV'T CODE § 81.106 .................................................................. 18
TEX. GOV'T CODE § 311.034 ................................................................. 17
TEX. R. CIV. P. 91a.1 .....................................................................25, 26
TEX. R. DISCIPLINARY P. 1.06 .............................................................. 23
TEX. R. DISCIPLINARY P. 2.12 .............................................................. 23
TEX. R. DISCIPLINARY P. 17.09 ...........................................................22, 29

## STATEMENT OF THE CASE

*Nature of the Case*: Appellant Edward Randolph Turnbull, IV filed suit against various subdivisions and agents of the State Bar of Texas, seeking injunctive and declaratory relief.

*Course of the Proceedings*: Cause No. D-1-GN-24-002025, in the 201st Judicial District Court of Travis County, Texas; the Honorable Amy Clark Meachum, presiding.

*District Court's Disposition:* On August 6, 2024, the district court dismissed Mr. Turnbull's claims against the Commission for Lawyer Discipline, Daniela Grosz, Daniel Martinez, the Chief Disciplinary Counsel, Seana Willing, John S. Brannon, and Amanda Kates as frivolous. On August 9, 2024, the district court dismissed Mr. Turnbull's claims against the State Bar Defendants as frivolous. On August 13, 2024, the district court dismissed Mr. Turnbull's claims against Ms. Hodgkins on jurisdictional grounds.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument because it would significantly aid the Court's decisional process in this case. Oral argument would assist the Court in evaluating the jurisdictional issues disregarded by the district court in dismissing Appellant's claims.

## ISSUES PRESENTED

| | |
|---|---|
| **Issue No. 1** | Did the district court err in dismissing Mr. Turnbull's claims for lack of standing. |
| **Issue No. 2** | Did the district court err in dismissing Mr. Turnbull's claims as frivolous. |

**TO THE HONORABLE FIFTEENTH COURT OF APPEALS:**

Appellant Edward Randolph Turnbull, IV, files this Appellant's Brief and asks this Court to reverse each of the following five district court orders: (i) August 6, 2024, Order Granting the Commission for Lawyer Discipline's Motion to Dismiss; (ii) August 6, 2024, Order Granting Daniela Grosz and Daniel Martinez's Motion to Dismiss; (iii) August 6, 2024, Order Granting the Chief Disciplinary Counsel (Seana Willing), John S. Brannon, and Amanda Kates's Motion to Dismiss; (iv) August 9, 2024, Order Granting State Bar Defendants' Rule 91a Motion to Dismiss; and (v) August 13, 2024, Order Granting Defendant Jenny Hodgkins's Plea to the Jurisdiction. Additionally, Appellant asks this Court to remand to the district court all claims for litigation on the merits.

## STATEMENT OF FACTS

In retaliation for Mr. Turnbull and his firm pursuing civil recourse against Microsoft for Microsoft's improper seizure of his law firm's data, Brien Jacobsen, Mary Olga Lovett, and Rene Trevino (collectively, the "Microsoft Attorneys") told Mr. Turnbull and his counsel that they would pursue a criminal investigation against Mr. Turnbull and other attorneys and staff at his firm, involve the State Bar of Texas, and file public pleadings stating that Mr. Turnbull and his firm possessed and shared child exploitation images. Pl.'s Orig. Pet. ¶ 33. Just as they had threatened, the very next day, the Microsoft Attorneys filed false and baseless public pleadings alleging

1

that Mr. Turnbull and his firm shared or made public images of child sexual exploitation imagery. Pl.'s Orig. Pet. ¶ 33.

On February 10, 2021, Mr. Turnbull filed grievances against the Microsoft Attorneys, alleging that their false, improper, and unjustified statements and behavior clearly violated the Texas Disciplinary Rules of Professional Conduct (the "Texas Disciplinary Rules"). Pl.'s Orig. Pet. ¶ 42. In late March 2021, Mr. Turnbull was notified that the Chief Disciplinary Counsel (the "CDC") dismissed his grievances. Pl.'s Orig. Pet. ¶ 43. Shortly thereafter, Mr. Turnbull appealed the dismissal of the grievances and was informed by Jenny Hodgkins, the Executive Director and General Counsel for the Board of Disciplinary Appeals ("BODA"), that BODA granted Mr. Turnbull's appeal upon finding that the grievances constituted a possible violation of the Texas Disciplinary Rules and remanded the grievances to the CDC for further investigation. Pl.'s Orig. Pet. ¶ 45.

On August 16, 2021, John S. Brannon, the Assistant Disciplinary Counsel for the CDC, notified Mr. Turnbull that the CDC placed the grievances on a summary disposition docket rather than referring the grievances to an investigatory hearing panel. Pl.'s Orig. Pet. ¶ 51. The grievances were thereafter dismissed. Pl.'s Orig. Pet. ¶ 51. And when Mr. Turnbull filed a public information request regarding the documents and materials the CDC used to determine that the grievances warranted dismissal, the CDC swiftly refused to provide such information. Pl.'s Orig. Pet. ¶ 55.

Coincidentally, however, the CDC thereafter filed disciplinary petitions against Sydney Powell, Attorney General Ken Paxton, and First Assistant Brent Webster for the same allegations Mr. Turnbull made against the Microsoft Attorneys: that they had misrepresented the truth and were dishonest in their pleadings filed with a court. Pl.'s Orig. Pet. ¶ 59.

Over one year after Mr. Turnbull filed his initial grievances, Mr. Turnbull submitted new grievances against the Microsoft Attorneys for allegations of professional misconduct completely distinct from the allegations Mr. Turnbull made in his initial grievances. Pl.'s Orig. Pet. ¶ 57–58. Despite the fact that the new grievances were based on separate and distinct violations of the Texas Disciplinary Rules of Professional Conduct and stemmed from separate and distinct factual events, the CDC treated them as identical to the initial grievances and wholly dismissed them. Pl.'s Orig. Pet. ¶ 60. When Mr. Turnbull attempted to appeal this decision to BODA, BODA rejected his appeal and informed Mr. Turnbull that its "decision is final." Pl.'s Orig. Pet. ¶ 63. Mr. Turnbull then attempted to amend his grievances, as permitted by the Texas Rules of Disciplinary Procedure ("TRDP"). Pl.'s Orig. Pet. ¶ 65. However, these, too, were arbitrarily rejected by the CDC, which informed Mr. Turnbull that it would not permit Mr. Turnbull to amend or refile any of his grievances. Pl.'s Orig. Pet. ¶ 66.

Four months later, Mr. Turnbull received an anonymous email providing a profile summary of Mr. Brannon, indicating that Brannon was a former partner at the law firm of Thompson & Knight, LLP. Pl.'s Orig. Pet. ¶ 67. Shortly before the CDC issued its summary disposition of Mr. Turnbull's complaint, Thompson & Knight, LLP had merged into Holland & Knight, the law firm representing Brien Jacobsen, one of the Microsoft Attorneys Mr. Turnbull filed grievances against with the Washington State Bar Association. Pl.'s Orig. Pet. ¶ 67. Less than three weeks after his former law firm merged into and became the same firm representing Mr. Jacobsen and Microsoft, Mr. Brannon notified Mr. Turnbull that the Grievances he was supervising had been placed on a summary disposition docket. Pl.'s Orig. Pet. ¶ 67. For over one and a half years, Mr. Brannon neither disclosed this conflict of interest nor rescued himself, in violation of numerous Texas Disciplinary Rules. Mr. Brannon did so to intentionally discriminate against Mr. Turnbull. Pl.'s Orig. Pet. ¶ 67.

On March 28, 2024, Mr. Turnbull filed his Original Petition complaining of Appellees' violations of the Texas Constitution. On May 22, 2024, Ms. Hodgkins filed her Original Answer and Plea to the Jurisdiction. On June 14, 2024, Mr. Brannon, Ms. Kates, Ms. Willing, the CFLD, Ms. Grosz, and Mr. Martinez filed their Original Answers. On June 24, 2024, the CFLD, Ms. Grosz, and Mr. Martinez filed their Motion to Dismiss. On June 26, 2024, Ms. Willing, Mr. Brannon, and Ms. Kates

4

filed their Motion to Dismiss. On July 1, 2024, Mr. Turnbull filed his response to Ms. Hodgkins' Plea to the Jurisdiction. That same day, the CFLD, Ms. Willing, Mr. Brannon, Ms. Kates, Ms. Grosz, and Mr. Martinez filed their Joint Motion for Protective Order. On July 8, 2024, the State Bar Defendants filed their Rule 91A Motion to Dismiss. On July 22, 2024, Mr. Turnbull filed his responses to each of the motions to dismiss. That same day, the State Bar Defendants filed their Plea to the Jurisdiction.

On August 8, 2024, the district court granted: (i) the CFLD's 91a Motion to Dismiss; (ii) Ms. Grosz and Mr. Martinez's 91a Motion to Dismiss; (iii) the State Bar Defendants' Plea to the Jurisdiction; and (iv) Ms. Willing, Mr. Brannon, and Ms. Kates's 91a Motion to Dismiss. On August 9, 2024, the district court granted the State Bar Defendants' 91a Motion to Dismiss and vacated the district court's order granting the State Bar Defendants' Plea to the Jurisdiction. On August 13, 2024, the district court granted Ms. Hodgkins' Plea to the Jurisdiction. On August 23, 2024, Mr. Turnbull filed his response to the State Bar Defendants' Plea to the Jurisdiction. On August 27, 2024, the district court denied the State Bar Defendants' Plea to the Jurisdiction as moot.

As of August 13, 2024, all of Mr. Turnbull's claims against Appellees had been dismissed as frivolous. Mr. Turnbull then filed his Notice of Appeal on August 30, 2024.

**STANDARD OF REVIEW**

Each of the five district court orders appealed from in this case are subject to *de novo* review. An appellate court's standard of review is determined by the substance of the issue to be reviewed, not simply the type of motion to which the order relates. *City of Webster v. Myers*, 360 S.W.3d 51, 56 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). The plea to the jurisdiction and the four motions to dismiss each alleged that Mr. Turnbull lacked standing to bring his claims and that the Appellees have sovereign immunity. Importantly, both sovereign immunity and standing deprive a court of subject matter jurisdiction. *Tex. Dep't of Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (sovereign immunity); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553 (Tex. 2000) (standing).

It is well-established that jurisdictional determinations are a question of law reviewed *de novo*. *Tex. Dep't of Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). And because each of the district court's orders were determinations of its subject matter jurisdiction, the proper standard of review for this Court to apply is *de novo* review.

**SUMMARY OF THE ARGUMENT**

This Court should reverse the district court's judgment because the district court erred in finding that Mr. Turnbull lacked standing to maintain his claims and that his claims are frivolous. Mr. Turnbull established standing because he pleaded

specific constitutional harms caused by and fairly traceable to Appellees, and his injuries are redressable by a grant of injunctive relief. Additionally, Mr. Turnbull's claims are not frivolous because they are believable by a reasonable person and are not legally barred.

Notably, this matter has been bogged down in jurisdictional jumble while the merits of Mr. Turnbull's claims have remained unlitigated. At this stage of litigation, the merits and ultimate resolution of Mr. Turnbull's claims are irrelevant; rather, this Court merely needs to find that Mr. Turnbull has standing to bring his claims and that his claims are not frivolous.

## ARGUMENT

### I.     The district court erred in finding that Mr. Turnbull lacks standing to bring his claims.

The Texas Constitution requires plaintiffs to have standing to file suit. *Sw. Bell Tel. Co. v. Mktg. on Hold, Inc.*, 308 S.W.3d 909, 915 (Tex. 2010). To establish standing, (1) the plaintiff must have suffered an injury in fact; (2) the injury must be fairly traceable to the alleged misconduct by the defendants; and (3) it must be likely that the injury will be redressed by a favorable decision by the court. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154–55 (Tex. 2012). Review of a district court's dismissal for want of jurisdiction is a question of law reviewed *de novo*. *Id.* In its determination, courts must "construe the pleadings in favor of the plaintiff and look to the pleader's intent." *Tex. Ass'n of Bus. v. Tex. Air. Control Bd.*, 852 S.W.2d 440,

446 (Tex. 1993). Because Mr. Turnbull satisfied the three prongs of standing, it was error for the district court to find otherwise.

### A. Mr. Turnbull has suffered an actual, non-hypothetical injury.

To satisfy the injury prong of standing, the plaintiff must plead facts demonstrating that he suffered some concrete, particularized, non-hypothetical injury. *Heckman*, 369 S.W.3d at 155. An injury is "particularized" when it affects the plaintiff in a personal and individual way. *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 696 (Tex. 2021). However, constitutional harms are sufficient to satisfy the injury prong of standing. *Heckman*, 369 S.W.3d at 155.

The Texas Legislature created the State Bar of Texas to aid the Supreme Court of Texas's regulation of the practice of law. TEX. GOV'T CODE § 81.072. In doing so, the Texas Legislature authorized disciplinary actions against attorneys and provided certain rights and procedures regarding attorney discipline. *Id.* § 81.071. Specifically, the Texas Legislature thought it important to statutorily require complainants, like Mr. Turnbull, be given "a full explanation" as to why a grievance was dismissed. *Id.* § 81.072. Furthermore, the Texas Legislature tasked the State Bar of Texas with overseeing the Commission for Lawyer Discipline ("CFLD") and the Chief Disciplinary Counsel ("CDC") in their effectuation of the attorney disciplinary system. *See* TEX. GOV'T CODE § 81.072(b)(2), .076(a), .076(g).

These statutory obligations also have constitutional counterparts, three of which are pertinent here. *First*, article I section 13 of the Texas Constitution requires that Texas courts be open and that every individual has the right to due course of law. TEX. CONST. art. I § 13. Mr. Turnbull has alleged that by denying Mr. Turnbull a full explanation of why his grievances were dismissed, as legally required, Appellees denied Mr. Turnbull of his substantive due process rights to a transparent disciplinary proceeding, which is necessary to uphold the Texas Constitution's requirement that Texas courts be "open." Pl.'s Orig. Pet. ¶ 84–87.

*Second*, article I section 19 of the Texas Constitution provides that no individual "shall be deprived of life, liberty, property, privileges or immunity, or in any manner disenfranchised, except by due course of the law." TEX. CONST. art. I § 19. Mr. Turnbull has alleged that by denying Mr. Turnbull a full explanation of why his grievances were dismissed and by acting like a biased political body, Appellees deprived Mr. Turnbull of his substantive due process rights under the Texas Constitution. Pl.'s Orig. Pet. ¶ 75–80.

*Finally*, article I section 3 of the Texas Constitution provides that every individual shall be given equal protection under the law. TEX. CONST. art. I § 3. Mr. Turnbull has alleged that Appellees arbitrarily applied the Texas Rules of Disciplinary Procedure in order to intentionally treat Mr. Turnbull differently than other similarly situated complainants. Pl.'s Orig. Pet. ¶ 81–83.

Importantly, Mr. Turnbull is not complaining of the nonprosecution of his grievances against the Microsoft Attorneys. Rather, Mr. Turnbull has remained consistent that his claims are based on Appellees constitutionally harming Mr. Turnbull by (a) intentionally depriving Mr. Turnbull of a full and fair explanation for why his grievances were dismissed on the purported ground that the grievances lacked just cause; (b) weaponizing the TRDP to intentionally treat Mr. Turnbull differently than other similarly situated complainants; and (c) intentionally cloaking the attorney discipline system in secrecy to hide Appellees' arbitrary and capricious decision-making process. Appellees' actions have nothing to do with Appellees' decision not to prosecute Mr. Turnbull's grievances but, instead, are based on specific conduct that caused constitutional harm to Mr. Turnbull. When this Court construes the pleadings liberally in favor of Mr. Turnbull, as the law requires, it is abundantly clear that Mr. Turnbull has established the injury prong of standing.

**B.      Mr. Turnbull's injury is fairly traceable to each of the Appellees.**

To satisfy the traceability prong of standing, the plaintiff must plead facts that trace the alleged injuries to the defendant's conduct. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 155 (Tex. 2012). The purpose of this prong is to ensure that a court acts only to redress the defendant's conduct as opposed to that of an independent third party not before the court. *Compare id.* (finding the plaintiff's injuries redressable by an injunction against the public official and state entities that caused

his injuries) *with Murphy v. Missouri*, 603 U.S. 43, 73 (2024) (finding the plaintiffs' injuries non-redressable by the government for the actions of an independent, private third party). This prong of standing is concerned simply with whether the plaintiff has identified the proper defendants. *See Heckman*, 369 S.W.3d at 155.

As noted *supra*, the Texas Legislature, in authorizing the creation of the attorney discipline system, imposed various rights and procedures to govern the system. TEX. GOV'T CODE § 81.071. Again, this includes the right of each complainant to be given a full and fair explanation as to why a grievance was dismissed. *Id.* § 81.072. Most importantly, the Texas Legislature tasked Appellees— and Appellees alone—to oversee the attorney disciplinary system. *See* TEX. GOV'T CODE § 81.072(b)(2), .076(a), .076(g). Appellees, as state actors with direct authority over the regulation of the practice of law, are required to follow the Texas Legislature's instructions in the State Bar Act as well as the clear provisions of the Texas Constitution.

The Supreme Court of Texas has already held that a breach in legislative duties is traceable to the state actor or agency responsible for carrying out that legislative duty. *See Heckman*, 369 S.W.3d at 157. In *Heckman*, the plaintiff alleged that the local government denied him his right to counsel under the Texas Constitution and Texas Fair Defense Act. *Id.* The Supreme Court of Texas held that the plaintiff satisfied the traceability prong of standing when he established that the government

defendants were legislatively responsible for providing indigent defense services to him and failed to do so. *See id.* Importantly, the Supreme Court of Texas noted that the traceability prong of standing does not require the plaintiff to show exactly what responsibility the defendants bear for his alleged injuries. *Id.* Rather, to establish the traceability prong of standing, the plaintiff need only show that his injuries are fairly traceable to the defendants. *Id.*

Like the plaintiff in *Heckman*, Mr. Turnbull alleged that his constitutional harms were caused by the Appellees' violations of their statutorily and constitutionally mandated authority. Specifically, Mr. Turnbull has alleged that: (i) ***Mr. Brannon*** failed to disclose his conflict of interest and subsequently told Mr. Turnbull that the CDC placed his grievances on the summary disposition docket [Pl.'s Orig. Pet. ¶ 51]; (ii) ***Mr. Baldwin*** informed Mr. Turnbull that the summary disposition panel dismissed his grievances [Pl.'s Orig. Pet. ¶ 54]; (iii) ***Ms. Reynolds*** informed Mr. Turnbull that the CDC denies Mr. Turnbull's public information request regarding his grievances and their dismissal [Pl.'s Orig. Pet. ¶ 56]; (iv) ***Ms. Grosz*** informed Mr. Turnbull that the CDC dismissed his new grievances [Pl.'s Orig. Pet. ¶ 61]; (v) ***Ms. Hodgkins*** informed Mr. Turnbull that BODA affirmed the dismissal of his grievances, told Mr. Turnbull that BODA's decision was final and denied Mr. Turnbull his right to amend his grievances, in violation of the TRDP [Pl.'s Orig. Pet. ¶ 63]; (vi) ***Mr. Martinez*** returned Mr. Turnbull's amended grievances and

12

informed Mr. Turnbull that he would not be permitted to amend or refile his grievances [Pl.'s Orig. Pet. ¶ 66]; and (vii) the **CDC and CFLD**, including **Ms. Willing, Mr. Brannon, and Ms. Kates**, refused to provide Mr. Turnbull his statutory right to an explanation as to why his grievances were dismissed, denied Mr. Turnbull his statutory right to amend or appeal his grievances, intentionally treated Mr. Turnbull differently than other similarly-situated complainants, and used the attorney discipline system to cloud in secrecy its arbitrary, capricious, and political decision making process [Pl.'s Orig. Pet. ¶ 70–87].

As the traceability prong of standing requires, Mr. Turnbull has identified the proper defendants because Mr. Turnbull has pointed to specific conduct taken by each Appellee that resulted in Mr. Turnbull's constitutional harm. As the Supreme Court of Texas stated in *Heckman*, whether or not Appellees bear ultimate responsibility for Mr. Turnbull's harms is irrelevant because Mr. Turnbull need not prevail on the merits of his claims at this stage of the litigation. Rather, Mr. Turnbull need only show that his injuries are fairly traceable to Appellees' conduct. By identifying the specific and independent actions taken by each Appellee that violated their statutorily and constitutionally mandated duties, Mr. Turnbull has satisfied the traceability prong of standing.

## C. A favorable decision will redress Mr. Turnbull's injury.

To satisfy the redressability requirement, the plaintiff need not prove to a mathematical certainty that the requested relief will remedy his injury. *Heckman*, 369 S.W.3d at 155–56. Rather, he must simply establish a "substantial likelihood that the requested relief will remedy the alleged injury in fact." *Id*. Government entities may be sued for injunctive relief under the Texas Constitution. *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 391 (Tex. 2007). Such a remedy is proper when it "is necessary to prevent irreparable injury or extreme hardship." *Health Care Serv. Corp. v. E. Tex. Med. Ctr.*, 459 S.W.3d 333, 339 (Tex. App.—Tyler 2016, no pet.).

The Supreme Court of Texas has already held that an injunction against the government requiring the government to follow its statutory and constitutional obligations satisfies the redressability prong of standing. *Heckman*, 369 S.W.3d at 158. In *Heckman*, the plaintiff requested an injunction against the local government to not only stop the government from continuing to violate his constitutional rights, but also to fairly evaluate his request for appointed counsel. *Id.* The Supreme Court of Texas held that because the requested injunction would "in some way" remedy the plaintiff's alleged injuries, the plaintiff satisfied the redressability prong of standing. *Id.* at 159.

Again, like the plaintiff in *Heckman*, Mr. Turnbull seeks injunctive relief against the government to prevent the government from continuing to violate his

14

constitutional rights. See Pl.'s Orig. Pet. ¶ 88–96. Specifically, Mr. Turnbull requested injunctive relief for Appellees to re-open the grievances, investigate the grievances fairly, and provide Mr. Turnbull with a full and fair explanation of the decision—whatever decision—it makes. Pl.'s Orig. Pet. ¶ 89. Such relief would simply require Appellees to follow their statutory and constitutional obligations, which they failed to do. It would be a gross miscarriage of justice for this Court to hold that state actors, like Appellees, cannot be compelled to follow their clearly defined statutory and constitutional obligations.

Granting this request will not only redress Mr. Turnbull's already-incurred injuries at the hands of Appellees, but it will also help prevent Appellees from continuing to take a hands-off approach to the attorney discipline system it is responsible for overseeing. Without the requested relief, Mr. Turnbull and the legal profession will continue to suffer irreparable injury because Appellees will remain unchecked in their accountability for overseeing the attorney discipline system. Furthermore, attorneys will be emboldened to knowingly make misrepresentations in court and file dishonest pleadings because, as here, Appellees will turn a blind eye—at least for attorneys Appellees favor, that is. Because injunctive relief would remedy the constitutional harms Appellees caused Mr. Turnbull, Mr. Turnbull has satisfied the redressability prong of standing.

\* \* \*

In sum, Mr. Turnbull satisfied the injury prong of standing by establishing that he suffered constitutional harms stemming from Appellees' willful refusal to follow their statutorily and constitutionally mandated authority. Additionally, Mr. Turnbull satisfied the traceability prong of standing by establishing that Appellees themselves, not any other third party, committed the constitutional harms of which Mr. Turnbull complains. Finally, Mr. Turnbull established the redressability prong of standing by establishing that his requested injunctive relief would redress his constitutional harm by simply requiring Appellees to adhere to their existing statutory and constitutional authority, which Appellees abandoned. Mr. Turnbull's establishment of these three prongs of standing is all that is required for Mr. Turnbull to move to the next stage of the litigation. The ultimate conclusion of this case was not for the district court to decide at this stage in the litigation; rather, the purpose of standing is to ensure that there is a real controversy between the parties, and Mr. Turnbull has established just that.

## II.    Appellees are not immune from this lawsuit.

Sovereign immunity protects the State from lawsuits for money damages. *Tex. Nat. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Absent an express waiver of sovereign immunity, the State and its agencies are generally immune from suit. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388

(Tex. 2011); *see Franka v. Velasquez*, 332 S.W.3d 367, 382–83 (Tex. 2011) (extending sovereign immunity to state actors sued in their official capacities). To waive sovereign immunity, the Texas Legislature must have expressed as such in "clear and unambiguous language." TEX. GOV'T CODE § 311.034; *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994).

### A. The Texas Legislature waived immunity in the State Bar Act.

The State Bar Act governs the State Bar of Texas and its subsidiaries and actors, including Appellees. TEX. GOV'T CODE § 81.014. The State Bar Act provides that the "state bar may sue and be sued in its own name." *Id.* Though the "sued and be sued" language appears to be a waiver of sovereign immunity, the Supreme Court of Texas has held that such language does not, ***by itself***, constitute waiver. *Tooke v. City of Mexia*, 197 S.W.3d 325, 342 (Tex. 2006). Rather, courts must also look to the context of the statute. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 843 (Tex. 2009). When analyzing statutes for legislative waiver of immunity, courts (a) look to whether the statute waives immunity without doubt, (b) resolve ambiguity in favor of retaining immunity, (c) find waiver where the Texas Legislature requires an otherwise-immune entity to join as a necessary party, and (d) look to whether the Texas Legislature provided an objective limitation on government liability. *Id.* at 844. Here, the factors weigh in favor of waiver of sovereign immunity.

17

First, in addition to outlining the "minimum standards and procedures" to be implemented in the attorney discipline system, the Texas Legislature expressly provided immunity to complainants, witnesses, the unauthorized practice of law committee, committee members, and any person assisting the committee. TEX. GOV'T CODE §§ 81.072, .106. Had the Texas Legislature wished to extend immunity to the entire State Bar of Texas, including Appellees, the Texas Legislature would not have limited immunity to the above-provided actors within the attorney discipline system. Second, the Texas Legislature limited the indebtedness, liability, or obligation of the State Bar of Texas to the State Bar itself and not any other entity or state actor "other than the state bar." *Id.* § 81.017(a). Had the Texas Legislature intended to fully immunize the entire State Bar of Texas, including Appellees, the Texas Legislature would not have drafted such a provision holding the State Bar of Texas—and only the State Bar of Texas—responsible for its liabilities. Finally, the Texas Legislature limited the liability of the State Bar of Texas to nonmonetary relief but allowed for relief in the form of declaratory and injunctive relief. *See id*. § 81.017(b). Here, however, Mr. Turnbull has not once made a demand for monetary relief. *See* Pl.'s Orig. Pet. ¶ 89.

The State Bar Act's "sue and be sued" language, coupled with the above factors, indicate that the Texas Legislature waived sovereign immunity for Appellees. The Texas Legislature deliberately chose not to immunize Appellees in

18

order to maintain the integrity and accountability of the State Bar of Texas's oversight of the attorney discipline system. Importantly, had the Texas Legislature truly believed that a clarification was necessary to provide such immunity to Appellees, the Texas Legislature would have done so at any point over the last 85 years of the State Bar Act's reign. As a result, Appellees cannot avail themselves of sovereign immunity in this case.

**B.      Sovereign immunity does not apply to equitable relief from constitutional harms.**

Even if this Court disagrees that the State Bar Act waives sovereign immunity, Appellees are nevertheless still not immune from suits alleging constitutional harms and seeking prospective relief.

Appellees are not entitled to sovereign immunity in this case because sovereign immunity is inapplicable to equitable relief from constitutional harms. *Tex. Dep't of State Health Servs. v. Holmes*, 294 S.W.3d 328, 334 (Tex. App.—Austin 2009, pet denied) ("Sovereign immunity does not shield a governmental entity from suit for equitable relief for a violation of constitutional rights"); *see also* Pl.'s Orig. Pet. ¶ 80 (pleading this as the basis of why Appellees are not entitled to sovereign immunity). When a plaintiff alleges that a governmental entity or actor committed a constitutional violation, the proper focus is on whether the plaintiff has pleaded a facially viable claim, not whether the entity or actor performed a ministerial act. *Klumb v. Hous. Mun. Emp. Pension. Sys.*, 458 S.W.3d 1, 13 (Tex. 2015). Mr.

Turnbull's due course of law, equal protection, and open courts claims are for equitable relief for violations of Mr. Turnbull's constitutional rights. Pl.'s Orig. Pet. ¶¶ 75–87, 89. Therefore, Appellees are not entitled to sovereign immunity.

## C. Ministerial, *ultra vires* acts are not protected by official immunity.

Generally, state actors are immune from suits that seek to restrain their good faith performance of a discretionary function within the scope of their statutory and constitutional authority. *Univ. of Hous. v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000). Ministerial, as opposed to discretionary, acts are those for which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 425 (Tex. 2004). Importantly, suits "to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 368 (Tex. 2009). Because Appellees acted outside their statutory authority and failed to perform ministerial acts, Appellees cannot avail themselves of official immunity.

Mr. Turnbull has alleged that: (i) Mr. Brannon failed to disclose his conflict of interest and subsequently told Mr. Turnbull that the CDC placed his grievances on the summary disposition docket [Pl.'s Orig. Pet. ¶ 51]; (ii) Mr. Baldwin informed Mr. Turnbull that the summary disposition panel dismissed his grievances [Pl.'s

20

Orig. Pet. ¶ 54]; (iii) Ms. Reynolds informed Mr. Turnbull that the CDC denies Mr. Turnbull's public information request regarding his grievances and their dismissal [Pl.'s Orig. Pet. ¶ 56]; (iv) Ms. Grosz informed Mr. Turnbull that the CDC dismissed his new grievances [Pl.'s Orig. Pet. ¶ 61]; (v) Ms. Hodgkins informed Mr. Turnbull that BODA affirmed the dismissal of his grievances, told Mr. Turnbull that BODA's decision was final and denied Mr. Turnbull his right to amend his grievances, in violation of the TRDP [Pl.'s Orig. Pet. ¶ 63]; (vi) Mr. Martinez returned Mr. Turnbull's amended grievances and informed Mr. Turnbull that he would not be permitted to amend or refile his grievances [Pl.'s Orig. Pet. ¶ 66]; and (vii) the CDC and CFLD, including Ms. Willing, Mr. Brannon, and Ms. Kates, refused to provide Mr. Turnbull his statutory right to an explanation as to why his grievances were dismissed, denied Mr. Turnbull his statutory right to amend or appeal his grievances, intentionally treated Mr. Turnbull differently than other similarly-situated complainants, and used the attorney discipline system to cloud in secrecy its arbitrary, capricious, and political decision making process [Pl.'s Orig. Pet. ¶ 70–87].

The provisions of the State Bar Act Appellees refused to follow involve no exercise of discretion but, instead, require Appellees to follow their statutorily mandated ministerial functions. In addition, by engaging in the above actions, Appellees acted *ultra vires* and cannot now avail themselves of official immunity. If

21

this Court were to hold otherwise, Appellees would, in effect, be appointed the ultimate arbiters of the attorney discipline system and would be protected by an impenetrable veil that encourages state actors to act *ultra vires* yet evade accountability for their lawlessness.

## D. Appellees cannot rely on TRDP 17.09 immunity.

In the proceedings below, Appellees cited Rule 17.09 of the Texas Rules of Disciplinary Procedure, which provide that Appellees are "immune from suit for any conduct in the course of their official duties." TEX. R. DISCIPLINARY P. 17.09. However, Appellees cannot avail themselves of Rule 17.09 immunity because Rule 17.09 ignores the nature of the function performed and only the Texas Legislature can bestow absolute immunity.

To determine whether immunity applies in this case, this Court must look to the "nature of the function performed, not the identity of the actor performing it." *Crampton v. Farris*, 596 S.W.3d 267, 274 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Furthermore, activities that are "intimately associated with the judicial phase of prosecution" may entitle a governmental entity or actor to immunity. *Id.* Here, Mr. Turnbull has alleged that the Appellees sued in their official capacity refused to provide Mr. Turnbull his statutory right to an explanation of why his grievances were dismissed, denied Mr. Turnbull his statutory right to amend or appeal his grievances, intentionally treated Mr. Turnbull differently than other similarly-situated

22

complainants, and used the attorney discipline system to cloud in secrecy its arbitrary, capricious, and political decision making process. Pl.'s Orig. Pet. ¶¶ 75–87. Importantly, all of these actions were taken during the just cause determination stage of the attorney disciplinary process, which is non-judicial and non-adversarial. TEX. R. DISCIPLINARY P. 1.06(W), 2.12. Because Mr. Turnbull's grievances were dismissed as part of a non-adversarial process, Appellees were not acting as part of the "judicial phase of prosecution."

Moreover, only the Texas Legislature may grant absolute and unqualified immunity. This Court must "defer to the ***Legislature*** as the gatekeeper controlling when and how citizens can sue their state government or its officers for their official acts." *Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 173 (Tex. App.—Austin 2013, no pet.) (emphasis added). This is because the Texas Legislature is in the best position to bestow absolute and unqualified immunity. The Texas Legislature did so, for example, in a statute governing the Texas Commission on Judicial Conduct ("CJC"), which provides "absolute and unqualified" immunity to the CJC and its officers for actions taken in the scope of their duties. TEX. GOV'T CODE § 33.006(c). Importantly, the apparent immunity provided by Rule 17.09 of the TRDP was not granted by the Texas Legislature but, instead, the Supreme Court of Texas. While the Texas Legislature authorized the Supreme Court of Texas to promulgate rules governing the State Bar of Texas and its maintenance, operation, and administration,

23

granting unchecked immunity in the TRDP does not fall within this grant of authority by the Texas Legislature. TEX. GOV'T CODE § 81.024. Importantly, Appellees cannot point to any provision within the State Bar Act or any other statute that provides the same absolute and unqualified immunity to the entire State Bar of Texas, including Appellees. Accordingly, Appellees cannot reasonably hide behind a judicial rule to circumvent accountability for violating their statutory and constitutional obligations.

### III. The district court erred in finding that Mr. Turnbull's claims are frivolous.

A proceeding is frivolous when it lacks an arguable basis in law or fact. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990) (per curiam). Such determinations are legal questions reviewed *de novo*. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Courts must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegation in the pleadings to determine if the cause of action has a basis in law or fact. *Id.* In doing so, courts must determine if the petition gives fair and adequate notice of the facts upon which the pleader bases his claim. *See Aguilar v. Morales*, 545 S.W.3d 670, 677 (Tex. App.—El Paso 2017, pet. denied). Because a reasonable person could believe Mr. Turnbull's allegations and his claims are not legally foreclosed, the district court erred in finding that Mr. Turnbull's suit is frivolous.

## A. A reasonable person could believe Mr. Turnbull's allegations.

A cause of action lacks a basis in fact if "no reasonable person could believe the facts pleaded" by the plaintiff. TEX. R. CIV. P. 91a.1. This prong relates to the believability of the plaintiff's allegations. *Longhorn Creek Ltd. v. Gardens of Connemara Ltd.*, 686 S.W.3d 418, 425 (Tex. App.—Dallas 2024, pet. filed). In making such a determination, courts do not consider whether the plaintiff's "allegations 'are likely, or even if the conduct alleged is outlandish, but only if a reasonable person could believe the alleged conduct.'" *Id.* (quoting *Drake v. Walker*, No. 05-14-00355-CV, 2015 WL 2160565, at *3 (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.)). Because this factual-plausibility bar is so low, it "seldom rises to a point of contention in the case law." *Id.* at 425 (quoting *Davis v. Homeowners of Am. Ins. Co.*, No. 05-21-00092-CV, 2023 WL 3735115, at *2 (Tex. App.—Dallas May 31, 2023, no pet.)).

Mr. Turnbull has alleged specific actions taken by Appellees that caused him constitutional harm. Specifically, Mr. Turnbull has alleged that the State Bar Defendants and the CFLD failed to ensure that the CDC properly applied the procedures instituted by law to provide a "full explanation" on its decision to dismiss Mr. Turnbull's grievances despite the law instructing the CFLD to oversee the CDC's effectuation of the procedures. *See* TEX. GOV'T CODE §§ 81.072(b)(2), .076(a), .076(g). Additionally, Mr. Turnbull has alleged that Ms. Grosz, Mr. Martinez, Ms.

25

Willing, Ms. Brannon, Ms. Kates, and Ms. Hodgkins each intentionally deprived Mr. Turnbull of his statutory right to a "full explanation" of why his grievances were dismissed and, as a result, deprived Mr. Turnbull of his constitutional rights to due course of law, equal protection, and open courts. *See id*; *see also* Pl.'s Orig. Pet. ¶ 72. Finally, Mr. Turnbull has alleged that the State Bar of Texas was responsible for overseeing the CFLD's exercise of its duties, and by failing to ensure that the CFLD properly monitored and evaluated the CDC for its failure to follow the procedures required by law, the State Bar of Texas deprived Mr. Turnbull of his right to due course of law. *Id.*

Importantly, the Texas Legislature expressly tasked Appellees with overseeing the attorney discipline system, including the effectuation of a complainant's right to a full and fair explanation of why a grievance is dismissed. TEX. GOV'T CODE §§ 81.071, .072. Because Mr. Turnbull's claims arise from Appellees' unlawful actions within the attorney discipline system and Appellees are the very state entities and actors that oversee the attorney discipline system, a reasonable person could believe Mr. Turnbull's allegations. Therefore, Mr. Turnbull's claims have a basis in fact.

## B.    Mr. Turnbull's claims are not legally foreclosed.

A cause of action lacks a basis in law if the plaintiff's allegations taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. TEX. R. CIV. P. 91a.1. In other words, "the defendant must establish

the plaintiff's claims are 'foreclose[d] as a matter of law." *Longhorn Creek Ltd.*, 686 S.W.3d at 426 (quoting *In re Shire PLC*, 633 S.W.3d 1, 18 (Tex. App.—Texarkana 2021, orig. proceeding [mand. denied])). However, if nothing in the pleadings "trigger a clear legal bar" to the claims, then the claims are not frivolous. *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 27773262, at *1 (Tex. App.—Dallas June 11, 2018, no pet.) (mem. op.). Mr. Turnbull's claims are not legally foreclosed because his claims are based on express rights afforded to him under the Texas Constitution, and Appellees cannot avail themselves of immunity.

Each of Mr. Turnbull's three claims are based on the due course of law, equal protection, and open courts provisions of the Texas Constitution. First, article I section 19 of the Texas Constitution provides that "[n]o citizen of the State shall be deprived of life, liberty, property, privileges, or immunities, or in any manner disenfranchised, except by due course of the law of the land." TEX. CONST. art. I § 19. Mr. Turnbull has alleged that by failing to provide Mr. Turnbull a full explanation of why his grievances were dismissed and prohibiting Mr. Turnbull from amending his grievances, Appellees violated Mr. Turnbull's due course of law rights afforded to him under article I section 19 of the Texas Constitution. Pl.'s Orig. Pet. ¶¶ 75–80. Second, article I section 3 of the Texas Constitution "directs government actors to treat all similarly situated persons alike." *City of Port Arthur v. Thomas*, 659 S.W.3d 96, 115 (Tex. App.—Beaumont 2022, no pet.) (citing TEX. CONST. art. I § 3). Mr.

27

Turnbull has alleged that by using the attorney discipline system to treat him differently from similarly situated complainants, Appellees violated Mr. Turnbull's equal protection rights afforded to him under article I section 3 of the Texas Constitution. Pl.'s Orig. Pet. ¶¶ 81–83. Finally, article I section 13 of the Texas Constitution prohibits the government from unreasonably restricting a citizen's access to the judicial system. TEX. CONST. art. I § 13. Mr. Turnbull has alleged that because Appellees denied Mr. Turnbull his right to a full explanation of why his grievances were dismissed, prohibited him from amending his grievances, and failed to ensure that the State Bar of Texas and its subsidiaries and actors followed the State Bar Act, Appellees unlawfully cloaked the attorney discipline system in secrecy and, therefore, violated Mr. Turnbull's open courts rights afforded to him under article I section 13 of the Texas Constitution. Pl.'s Orig. Pet. ¶¶ 84–87. Accordingly, Mr. Turnbull's claims are based on three specific provisions of the Texas Constitution that Appellees, as state entities and actors, were required to uphold.

In addition, Mr. Turnbull's claims are not barred by immunity. As briefed extensively *supra*, Appellees cannot avail themselves of sovereign immunity because the Texas Legislature waived sovereign immunity for Appellees in the State Bar Act. However, even if this Court finds no such waiver, Appellees are nevertheless not entitled to sovereign immunity in this case because Mr. Turnbull seeks equitable relief from constitutional harms. Moreover, Appellees cannot avail

28

themselves of absolute immunity under Rule 17.09 of the TRDP because the Texas Legislature did not bestow this immunity and because this immunity does not protect misconduct committed during the just cause determination stage of the attorney discipline process. Finally, Appellees cannot avail themselves of official immunity because Appellees engaged in ministerial or *ultra vires* actions.

At this stage of litigation, Mr. Turnbull need not conclusively prove his case. Rather, Mr. Turnbull need only establish that his claims are plausible in fact and law. Because Mr. Turnbull's claims based on three unique constitutional violations and Appellees cannot avail themselves of sovereign, official, or absolute immunity, Mr. Turnbull's claims are not legally barred and, therefore, based in law. Furthermore, because Mr. Turnbull's claims are based in fact, his claims are not frivolous.

## CONCLUSION

Mr. Turnbull respectfully requests that this Court reverse each of the five outlined district court orders, remand the proceedings for discovery and eventual resolution on the merits, and grant such other and further relief for which Mr. Turnbull may be entitled.

Respectfully submitted,

**WEST, WEBB, ALLBRITTON & GENTRY, P.C.**
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000
Facsimile: (979) 694-8000

By:    */s Gaines West*
      GAINES WEST
      State Bar No. 21197500
      gaines.west@westwebblaw.com
      JOHN "JAY" RUDINGER, JR.
      State Bar No. 24067852
      jay.rudinger@westwebblaw.com

      - and -

      JUDD E. STONE, II
      State Bar No. 24076720
      judd@stonehilton.com
      **STONE HILTON PLLC**
      600 Congress Avenue, Suite 2350
      Austin, Texas 78701
      Telephone: (737) 465-3897

      **ATTORNEYS FOR APPELLANT**

30

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, I certify that the foregoing document complies with the word count limitation Rule 9.4(i). It contains 6,937 total words, including any parts exempted by Rule 9.4(i)(1). In making this Certificate of Compliance, I am relying on the word count provided by Microsoft Word, the software used to prepare the document. This is a computer-generated document using Times New Roman 14-point font.

*/s/ Gaines West*
GAINES WEST

## CERTIFICATE OF SERVICE

I certify that on January 3, 2025, the foregoing Appellant's Brief was filed electronically using the Court's e-filing, which will give notice of the filing to counsel for Appellees as follows:

Daniel J. Olds                                    Email: dolds@clarkhill.com
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, Texas 75202
dolds@clarkhill.com

Patrick W. Mizell                                 Email: pmizell@velaw.com
VINSON & ELKINS LLP
845 Texas Avenue, Suite 4700
Houston, Texas 77002
pmizell@velaw.com

Royce LeMoine                                     Email: royce.lemoine@texasbar.com
State Bar of Texas
P.O. Box 12487, Capitol Station
Austin, Texas 78711
royce.lemoine@texasbar.com

**ATTORNEYS FOR APPELLEES**

*/s/ Gaines West*
GAINES WEST

31

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Billy Hart on behalf of Gaines West
Bar No. 21197500
billy.hart@westwebblaw.com
Envelope ID: 95824857
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Brief
Status as of 1/3/2025 11:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pat Mizell | | pmizell@velaw.com | 1/3/2025 10:58:06 AM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 1/3/2025 10:58:06 AM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 1/3/2025 10:58:06 AM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 1/3/2025 10:58:06 AM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 1/3/2025 10:58:06 AM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 1/3/2025 10:58:06 AM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 1/3/2025 10:58:06 AM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 1/3/2025 10:58:06 AM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 1/3/2025 10:58:06 AM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 1/3/2025 10:58:06 AM | SENT |
| Brooke Noble | | bnoble@velaw.com | 1/3/2025 10:58:06 AM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 1/3/2025 10:58:06 AM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 1/3/2025 10:58:06 AM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 1/3/2025 10:58:06 AM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 1/3/2025 10:58:06 AM | SENT |